LOTTINGER, Judge.
This is a wrongful death and survival action filed by Cindy Fay, individually and on behalf of her minor children, Shannon Fay, Sheridan Fay and Shane Fay, and as representative of the estate of Gary Fay against Dalton Willis, Donald P. Trosclair, The Greater New Orleans Expressway Commission, Liberty Mutual Insurance Company, State Farm Automobile Insurance Company, and Federal Insurance Company (Federal). Pacific Indemnity Insurance Company intervened in the suit to recover workers compensation benefits. From a judgment granting summary judgment in favor of Federal on the question of uninsured motorist coverage, the plaintiffs appeal.
FACTS
On February 13, 1987, Gary Fay, Vice-President and Loan Officer of First National Bank of Covington, was driving his car on the Greater New Orleans Expressway (Causeway) when he noticed Dalton Willis driving in a careless and reckless manner, indicating to anyone that Dalton Willis was intoxicated. Gary Fay gained the attention of a Causeway policeman in order to inform him of Dalton Willis’ approaching auto. Gary Fay and Deputy Trosclair pulled to a stop in the right lane of the Causeway. Fay and Trosclair got out of their cars and stood between their vehicles in order for Fay to point out Willis’ vehicle. Dalton Willis lost control of his vehicle, which struck the police car, turned over and struck Gary Fay’s car and in the process of doing so knocked Gary Fay into the air and into Lake Pontchartrain. Rescue efforts by Deputy Trosclair (not injured in the accident) failed, and Gary Fay drowned. Dalton Willis had a .23 blood alcohol level.
Dalton Willis was uninsured. The plaintiffs claim uninsured motorist coverage under the business auto policy issued to First National Bank of Covington. Federal’s motion for summary judgment on the issue of uninsured motorist coverage was granted by the trial court. The plaintiffs now appeal.
ASSIGNMENT OF ERROR
Plaintiffs contend the trial court erred in granting Federal’s motion for summary judgment.
I
La.R.S. 22:1406 D(l)(a) provides:[1]
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(l)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles be *1298 cause of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.
In Giroir v. Theriot, 513 So.2d 1166, 1168 (La.1987), the Supreme Court said:
In order to effect a valid selection of lower UM limits, the selection must be in writing and signed by the named insured or his legal representative. A document evidencing a selection of lower limits must be clear and unambiguous. Moreover, the statute imposes UM coverage “notwithstanding the language of the policy, the intentions of the parties, or the presence or absence of a premium charge or payment.” Roger v. Estate of Tad Moulton, 513 So.2d 1126 (La.1987), rehearing granted on other grounds, (La. June 24, 1987). (footnote omitted).
Absent a written waiver of UM coverage, UM coverage is in an amount not less than the limits of bodily injury liability coverage. Arcemont v. Voisin, 468 So.2d 785 (La.App. 1st Cir.), writ denied, 474 So.2d 947 (La.1985).
II
The basis of defendant’s argument is simply that Gary Fay was neither a named insured under the policy, nor was he operating an insured auto.
The policy names as the insured: First National Corporation, First National Bank, and First Argicultural Credit Corporation. The liability coverage provided by the policy is in the amount of $1,000,000.00. The declaration page listing schedule of coverages and covered autos provides:
DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS Policy Number BAP ( 87 )7302 91 74
SYMBOL DESCRIPTION SYMBOL DESCRIPTION
1 ANY AUTO. 6 0WNE0 AUTOS SUBJECT TO A COMPULSORY UNINSURED
2 OWNED AUTOS ONLY. Only those autos you own (and lor liability coverage any trailers you don't own while attached to power units you own). This includes those autos whose ownership you acquire alter the policy begins. MOTORISTS LAW. Only (hose aulos you own which, because ol the law in the slate where they are licensed or principally garaged, are required to have and cannot reject uninsured motorists insurance. This includes those autos whose ownership you acquire after the policy begins provided they are subject to the same slate uninsured motorists requirement.
3 OWNED PRIVATE PASSENGER AUTOS ONLY. Only (he private passenger aulos you. own. This includes those private pas- 7 senger autos whose'ownership you acquire alter the policy SPECIFICALLY DESCRÍBE0 AUTOS..Only those autos described in ITEM FOUR for which a premium charge is shown (and for liability coverage any trailers you don't own while attached to any power unit described in 11 EM FOUR).
4 OWNED AUTOS OTHER THAN PRIVATE PASSENGER AUTOS „ ONLY. Only those aulos you own which are not ot (he private 0 passenger type (and (or'liabtlity coverage any trailers you don't own while attached to power units you own) This includes those aulos, not of the private passenger type, whose ownership you acquire afler the policy begins. 9 HIRED AUTOS ONLY. Only those autos you lease, hire, rent or borrow. This does not include any aulo you lease, hire, rent, or borrow (rom any ol your employees or members ol their households. NON-OWNEO AUTOS ONLY. Only those autos you do not own,
5 ownership you acquire afler the policy begins. 9 OWNED AUTOS SUBJECT TO NO-FAULT. Only those aulos you own which are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes (hose aulos whose ownership you acquire after (he policy be- 1f. gins provided they are required to have No-Faull benefits in the 10 state where they are licensed or principally garaged. NON-OWNEO AUTOS ONLY. Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs.
*1299 The description of covered autos provides:
Schedule of coverages and covered autos Vbis policy provides only (hose coverages where a charge is shown m the premium column below. Each ol these coverages will apply only to those aulos shown as covered autos Aulos are jlihown as covered autos lor a particular coverage by the entry ol one or more ol the symbols from ITEM THREE next to Hie name ol Ihe coverage.
COVERED AUTOS (Entry of one or more ol the sym< bots from ITEM THREE shows which autos are covered aulos) THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS
LIABILITY INSURANCE $ 1,000.000 16,265
PERSONAL INJURY PROTECTION (or equivalent No*tault coverage) SEPARATELY STATED II S Ded. i EACH P.I.P. ENDORSEMENT MINUS
ADDED PERSONAL INJURY PROTECTION (or equivalent added No-lault coverage) SEPARATELY STATED IN EACH AOOED P.I.P. ENDORSEMENT
PROPERTY PROTECTION INSURANCE . (Michigan only) SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS S Ded. FOR EACH ACCIDENT
AUTO. MEDICAL PAYMENTS INSURANCE S5,000 1,022
UNINSURED MOTORISTS INSURANCE S100,000 792
PHYSICAL DAMAGE INSURANCE > COMPREHENSIVE COVERAGE ‘ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS. MINUS S 250 Ded. FOR EACH COVERED AUTO. FOR ALL LOSS EXCEPT FIRE OR LIGHTNING A, 195
PHYSICAL DAMAGE INSURANCE SPECIFIED PERILS COVERAGE ACTUAL CASH VALUE OR COST OF REPAIR. WHICHEVER IS LESS. MINUS 525 Ded. FOR EACH COVERED AUTO. FOR LOSS caused by Mischief or vandalism
PHYSICAL DAMAGE INSURANCE COLLISION COVERAGE ACTUAL CASH VALUE OR COST OF REPAIR. WHICHEVER IS LESS, MINUS S 500 Ded. FOR EACH COVEREO AUTO 8,202
PHYSICAL DAMAGE INSURANCE 1 TOWING AND LABOR . (Not Available In California) 525 tor each disablement of a private passenger auto.
Thus, for liability purposes, ANY AUTO is covered. We note significantly for liability purposes, ANY AUTO is covered as compared to covering “owned autos only,” “owned private passenger autos only,” “owned autos other than private passenger autos only,” “specifically described autos,” “hired autos only,” or “non-owned autos only.” The ANY AUTO category is all inclusive vis a vis restrictive. We conclude that the named insured intended liability coverage of all conceivable autos for which there might be liability exposure. Therefore, the auto Gary Fay owned and was operating is a covered auto under the liability portion of the policy.
Ill
The insurance policy attempts to limit the UM coverage to OWNED AUTOS ONLY, a more restrictive definition of covered auto than that found in the liability portion of the policy. Additionally, the amount of UM coverage is less than that provided for liability coverage. Admittedly, there is no signed waiver. We read La.R.S. 22:1406 D(l)(a) to require UM coverage for all vehicles covered by the liability portion of the policy unless properly waived. Without a signed waiver of UM coverage, we hold this attempt to lessen UM coverage by restricting the autos covered is in violation of La.R.S. 22:1406 D(l)(a) and thus invalid. Therefore, the Fay auto is covered for UM purposes at the amount of the liability coverage.
IV
Defendant conceded in the trial court that for the purposes of the motion for summary judgment, Gary Fay met the definition of “occupying” as found in Paragraph A2 of the UM endorsement.
Therefore, for the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment is reversed, and IT IS NOW ORDERED that the motion for summary judgment be denied, and this matter is remanded for further proceedings. All costs of the appeal are assessed to defendant, Federal Insurance Company.
REVERSED AND REMANDED.

. This is what the statute provided at the time of the accident. It has since been amended several times.